# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD J. WILLIAMS, | 1:07-cv-01855-LJO-GSA-PC |
| Plaintiff, | SECOND SCREENING ORDER |
| v. | ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO AMEND |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT THAT DOES NOT EXCEED TWENTY-FIVE PAGES |

**I.     RELEVANT PROCEDURAL HISTORY**

Clifford J. Williams ("Plaintiff") is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 20, 2007. (Doc. 1.) The Court screened the Complaint pursuant to 28 U.S.C. 1915A and entered an order on May 7, 2009, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 10.) On December 17, 2009, Plaintiff filed the First Amended Complaint, which is now before the Court for screening. (Doc. 20.)

**II.    SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
3  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).
4  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
5  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
6  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

**III.    SUMMARY OF COMPLAINT**

Plaintiff is presently incarcerated at the California State Prison in Corcoran, California.  The events at issue occurred at the California Correctional Institution ("CCI") in Tehachapi, California, when Plaintiff was incarcerated there.  Plaintiff names as defendants LVNs M. Ortiz and Norwood; Psych Tech Hanciles; Sgt. Caldwell; Correctional Officers ("C/Os") T. Davis, G. Ybarra, A. Bracken, Martin, D. Duffy, Rhodes, Williams, Cotton, Victor Perez, Schmitt, Daffern, Wilburn, Emerson, J. Gant, Serna, Dean, Jimenez, Miles, B. Wadman, T. Eilers, D. Reyes, Miller, Lopez, Alison, C. Little, Thompson, Jones, T. Starr, Bumbaca, and Gomez; and unnamed defendants including other C/Os, Psych Doctor, Psych Techs, LVNs, Captains, Lieutenants, CCI, CCII, CCIII, CDW, Medical Records, RNs, Plumbers, and Engineers.

Plaintiff alleges as follows in the First Amended Complaint.

### *Sexual Misconduct, Slander and Defamation*

Plaintiff was housed at CCI from January 18, 2005 to June 19, 2007. During that time, prison staff started and spread gay/homosexual rumors about Plaintiff. On September 5, 2005, C/O Davis made remarks amounting to sexual misconduct. On December 7, 2005, C/O Davis said to a Mexican inmate, "Williams is gay." Plaintiff also alleges in conclusory terms that defendants LVNs M. Ortiz and Norwood, Psych TechХанciles, Sgt. Caldwell, and C/Os G. Ybarra, A. Bracken, Martin, D. Duffy, Rhodes, Williams, Cotton, Victor Perez, Schmitt, Daffern, Wilburn, Emerson, J. Gant, Serna, Dean, Jimenez, Miles, B. Wadman, T. Eilers, D. Reyes, Miller, Lopez, Alison, C. Little, Thompson, Jones, T. Starr, Bumbaca, and Gomez started gay/homosexual rumors, and slandered and defamed him. Plaintiff asserts he has names of more than 300 prison employees who slandered him, but he was unable to include those defendants because of the Court's twenty-five page limitation. Plaintiff claims that the gay/homosexual rumors led to Plaintiff's divorce, a hunger strike, attempted murder, batteries on inmates, SHU terms, and transfers from one prison to another.

Plaintiff also alleges that all of the correctional officers laughed at him because he lost weight.

### *Tainted Food & Denial of Medical Care*

Plaintiff's food was tainted, resulting in him taking antibiotics from 2005 to 2007 for H. pylori disease. C/O D. Reyes and staff were well aware of Plaintiff's illness and serious stomach pain, but no one notified medical staff concerning his conditions. This took place on October 31, 2005 and November 1, 2005. Between November 6, 2005 and November 26, 2005, Plaintiff was vomiting, could not eat, and lost seventeen pounds. Staff was well aware of his lack of nourishment.

### *Assaults*

On August 12, 2005, C/O Ybarra assaulted Plaintiff.

On November 11, 2005, as Plaintiff was going to the shower in handcuffs, C/O A. Bracken grabbed his arm and started to twist it repeatedly. He then pushed Plaintiff into the shower and yelled out, "Punk, what are you going to do about it?" C/O Martin yelled out, "He is going to write a 602 because that's all he can do." C/O Jimenez was also present that day.

On November 21, 2005, Plaintiff was assaulted again by C/O A. Bracken on his way to and from the shower, again while Plaintiff was handcuffed. C/O Bracken started pushing Plaintiff and twisting his arm, then kicked Plaintiff's heel and said, "Are you trying to assault me?" C/O D. Duffy then grabbed his pepper spray.[1] C/O T. Davis was also present that day.

### *Relief*

Plaintiff requests as relief a major investigation, jury trial, and appointment of counsel.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

### A.   Rule 18

In the Court's Screening Order of May 7, 2009, Plaintiff was instructed not to combine unrelated claims in a single action. Despite this admonishment, Plaintiff alleges multiple claims in the First Amended Complaint that are largely unrelated. Plaintiff may not proceed in one action on a myriad of unrelated claims against different staff members. "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated

---

[1] It is unclear in the First Amended Complaint whose pepper spray C/O Duffy grabbed. First Amd Cmp at page 27 [pagination is that used by the Court's ECF system].

4

Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

In this instance, Plaintiff's First Amended Complaint describes three unrelated events: (1) Rumors about homosexuality; (2) Illness and associated medical care; and (3) Assault. Plaintiff will not be permitted to pursue unrelated claims in this action. In amending, Plaintiff should determine which related claims he wishes to pursue and re-allege those claims only. If Plaintiff's Second Amended Complaint also violates Rule 18(a) despite this admonition, the Court will decide which claims shall proceed.

### B    Verbal Harassment

Plaintiff alleges that approximately 300 other staff members, including defendant C/O T. Davis, started and spread rumors that Plaintiff was homosexual. Plaintiff also alleges that all of the correctional officers laughed at him because of his weight loss.

Mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Also, threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Therefore, Plaintiff fails to state a cognizable claim against any of the defendants for verbal harassment.

### C.    Eighth Amendment -- Adverse Conditions of Confinement

Plaintiff alleges that defendants spread rumors that he was a homosexual, resulting in Plaintiff's divorce, a hunger strike, attempted murder, batteries on inmates, SHU terms, and transfers from one prison to another. Plaintiff also alleges that he was served tainted food.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those

deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

Plaintiff has not alleged sufficient facts, with regard to the alleged rumors spread against him or the tainted food he was served, to support an Eighth Amendment claim that prison officials knew of and disregarded a substantial risk of serious harm to Plaintiff.  Therefore, Plaintiff fails to state a claim for adverse conditions of confinement under the Eighth Amendment.

**D.     Eighth Amendment -- Inadequate Medical Care**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of

6

deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff alleges that beginning on October 31, 2005, he suffered illness and serious stomach pain from tainted food. As a result, Plaintiff was given antibiotics for H. pylori disease. Plaintiff alleges that C/O D. Reyes and staff were well aware of Plaintiff's condition, but no one notified medical staff. Plaintiff also alleges that between November 6, 2005 and November 26, 2005, he was vomiting, could not eat, and lost seventeen pounds, and the staff was well aware of his lack of nourishment. Under these facts, Plaintiff fails to demonstrate that any of the defendants purposely acted, or failed to act, with deliberate indifference to his serious medical needs, with harm caused by the indifference. Therefore, Plaintiff fails to state a cognizable claim for inadequate medical care in violation of the Eighth Amendment.

### E.   Eighth Amendment – Excessive Force

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." Hudson, 503 U.S. at 8. "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." Id. at 9. "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper

7

to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." Id. (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Plaintiff states a cognizable claim for excessive force against defendant C/O A. Bracken for grabbing and twisting Plaintiff's arm and kicking Plaintiff's heel, while Plaintiff was handcuffed and walking to and from the shower.[2] However, Plaintiff fails to state a claim for excessive force under the Eighth Amendment against any other defendant.

### F. Fourteenth Amendment Claims

Plaintiff states that his Fourteenth Amendment rights were violated. However, Plaintiff makes no factual allegations demonstrating a violation of his Fourteenth Amendment rights, nor does he indicate which rights he believes were violated. Therefore, Plaintiff fails to state a claim for the violation of the Fourteenth Amendment rights.

### G. State Claims

Plaintiff alleges that Defendants are liable for slander, defamation, and sexual misconduct. These allegations suggest state law claims. Plaintiff is informed that violation of state tort law, state regulations, rules and policies of the CDCR, or other state law is not sufficient to state a claim for relief under § 1983. To state a claim under § 1983, there must be a deprivation of federal constitutional or statutory rights. See Paul v. Davis, 424 U.S. 693 (1976). Although the court may exercise supplemental jurisdiction over state law claims, Plaintiff must first be able to proceed on a cognizable claim for relief under federal law. See 28 U.S.C. § 1367.

### H. Doe Defendants

Plaintiff names defendants in this action who are not identified by name. Unidentified, or "John Doe" defendants must be named or otherwise identified before service can go forward. "As

---

[2] Although the Court finds that Plaintiff states a cognizable claim against defendant C/O A. Bracken, Plaintiff is unable to proceed in this action on any claim until he has amended the complaint to request monetary damages as relief, as explained in Section IV.J. of this order.

a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe. For service to be successful, the Marshal must be able to identify and locate defendants.

### I.    Appointment of Counsel

Plaintiff requests appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the court does not find the required exceptional circumstances. See Id. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Therefore, Plaintiff's request for the appointment of counsel is denied.

### J.    Requested Relief

Plaintiff requests no relief for the alleged constitutional violations other than (1) appointment of counsel, (2) jury trial, and (3) a major investigation. The Court has declined to appoint counsel, as discussed in Section IV.I. above, and Plaintiff shall be entitled to a jury trial if his case proceeds to trial.

With respect to Plaintiff's request for a major investigation, Plaintiff is advised that any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly

drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Moreover, when an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). The events at issue in this action allegedly occurred at CCI in Tehachapi, California, and Plaintiff is no longer housed at CCI. Based on the nature of the claims at issue in this action, Plaintiff is not entitled to injunctive relief and is therefore confined to seeking money damages for the violations of his federal rights. If Plaintiff requests only injunctive relief in the Second Amended Complaint, the Court shall recommend that this action be dismissed.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint states a cognizable claim against defendant C/O A. Bracken for excessive force in violation of the Eighth Amendment, but Plaintiff fails to state any other claims upon which relief can be granted under section 1983 against any of the defendants. However, Plaintiff is cautioned that he may not proceed on *any* of his claims unless he requests relief that may be granted in this action. Plaintiff was forewarned at Section IV.J. above that the injunctive relief he requests is not available, and his case may be dismissed if he requests only injunctive relief in the Second Amended Complaint.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires.'" The Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Plaintiff is granted leave to file a Second Amended Complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

The Second Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added).

Given that Plaintiff must comply with Rule 18(a), as discussed above, twenty-five pages is more than sufficient for Plaintiff to identify his claims and set forth specific facts in support of those claims. Accordingly, Plaintiff's Second Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new, unrelated claims. In addition, Plaintiff should take care to include only those claims that have been administratively exhausted.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint, filed on December 17, 2009, is dismissed for failure to state a claim, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a Second Amended Complaint curing the deficiencies identified in this order;
4. Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:07-cv-01855-LJO-GSA-PC;
5. The Second Amended Complaint may not exceed twenty-five pages in length, and it will be stricken from the record if it violates this page limitation; and

///
///
///

6. If Plaintiff fails to comply with this order, it will be recommended that this action be dismissed.

IT IS SO ORDERED.

Dated:   **March 29, 2011**                             **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE